UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LAWRENCE SIDNEY,                          :
                                          :
    Plaintiff,                        :
                                          :
V.                                        : CASE NO. 3:05-CV-905(RNC)
                                          :
ELIZABETH SPRADER, ET AL.,                :
                                          :
    Defendants.                       :

## RULING AND ORDER

Plaintiff, formerly a physical education teacher at Staples High School in Westport, brought this action in state court against Marty Lisevick, the School's athletic director, and the Westport Board of Education, claiming that his extracurricular employment as a coach of the girls' track and cross-country teams had been terminated in violation of his Fourteenth Amendment right to procedural due process. He also sued two other individuals claiming that they had tortiously interfered with his employment. Defendants removed the action to this Court based on the due process claim and now move for summary judgment on all the claims. For the reasons stated below, the motion is granted as to the due process claim, and the Court declines to exercise supplemental jurisdiction over the state law claims, which are dismissed without prejudice.

I.   Legal Standard

Summary judgment may be granted when there is no "genuine issue as to any material fact" and the movant is "entitled to

judgment as a matter of law." Fed. R. Civ. P. 56(c).  To withstand a properly supported motion for summary judgment, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986).

II. <u>Facts</u>

The record, viewed most favorably to the plaintiff, would permit a jury to find the following facts relevant to the due process claim.  Beginning in 2000, plaintiff was employed by the Westport Board of Education as a physical education teacher at Staples High School.  From the fall of 1999 through the fall of 2003, he also had a series of short-term contracts to coach the girls' track and cross-country teams.

Under the terms of a collective bargaining agreement ("CBA") between the Board of Education and the Westport Education Association, an extracurricular employee who has been hired for a second year, such as the plaintiff, "shall be offered reemployment for the succeeding year based on a satisfactory final written evaluation pursuant to paragraph B.  If the final written evaluation is unsatisfactory, the Superintendent . . . may place the employee on probation or not offer reemployment." Under "paragraph B" of the agreement, the final written evaluation must be "completed by the supervisor no more than four weeks after the completion of the extracurricular activity."

In the fall of 2003, plaintiff coached the girls' cross-country team. On November 3, 2003, he received a positive written evaluation. In January 2004, defendant Lisevick received complaints about the plaintiff, including complaints that he had initiated inappropriate discussions with female students about students' sexual activity, had worn inappropriate attire during practices, and had conducted inappropriate warm-up exercises for female students in a darkened room.

On February 10, 2004, Lisevick and the School's principal met with the plaintiff and informed him of the allegations. Plaintiff responded to the allegations in writing the following day. In his response, he admitted having closed-door meetings with female students, and conversations with students about their social lives, which occasionally included discussions about sexual activity. He stated that he discussed personal topics with students only when students initiated the conversation, when students were struggling with personal or academic issues, or when a student's problems impacted the whole team.

On February 25, 2004, plaintiff met with the principal and received copies of written complaints. On March 3, 2004, Lisevick informed plaintiff that his seasonal coaching contract would not be renewed but that he would retain his position as a physical education teacher.

Plaintiff appealed the loss of his coaching position to the superintendent but was unsuccessful. The CBA provided him with

an opportunity to appeal the superintendent's decision to the Board of Education, but he did not seek further review. In August 2004, plaintiff accepted a job in a different school system and voluntarily resigned his teaching position at Staples High School.

III. Discussion

In reviewing alleged violations of procedural due process under the Fourteenth Amendment, a court must "(1) determine whether the claimant ha[d] a property interest, then (2) determine whether [he] received adequate process before being deprived of that interest." Harhay v. Town of Ellington Bd. of Educ., 323 F.3d 206, 212 (2d Cir. 2003).

Under the CBA, plaintiff was entitled to an offer of re-employment because he received a positive evaluation on November 3, 2003, and there is no evidence that he received an unsatisfactory evaluation within four weeks of the end of the fall athletic season. Assuming this contractual right to an offer of re-employment constituted a protected property interest under the Fourteenth Amendment, plaintiff cannot prevail on his due process claim because the process he received was adequate as a matter of law.

On the record before the Court, a jury would be bound to find that the process plaintiff received before he lost his extracurricular position as a coach satisfied the Fourteenth Amendment. See Otero v. Bridgeport Hous. Auth., 297 F.3d 142,

4

151 (2d Cir. 2002)(pre-termination process is adequate if plaintiff is given "oral or written notice of the charges against [him], an explanation of the employer's evidence, and an opportunity to present [his] side of the story"). This conclusion is unavoidable because plaintiff had a right to appeal the superintendent's decision to the Board of Education, which he chose not to pursue. Saltarella v. Town of Enfield, 427 F. Supp. 2d 62 (D. Conn. 2006)(limited pre-termination proceedings sufficient because plaintiff had opportunity for post-termination hearing). Id. Having failed to exercise his right to appeal, plaintiff cannot recover on the ground that the post-deprivation remedy it afforded him was inadequate. See Dotson v. Griesa, 398 F.3d 156, 161 n.2 (2d Cir. 2005) ("[a]lthough a plaintiff is generally not required to exhaust administrative remedies before bringing a § 1983 suit . . . this rule does not apply to procedural due process challenges if the plaintiff failed to avail himself of the very administrative procedures he attacks as inadequate"); Narumanchi v. Bd. of Trs., 850 F.2d 70, 72 (2d Cir. 1988) (affirming dismissal of procedural due process claim because plaintiff failed to submit to the grievance procedures set forth in a collective bargaining agreement); Russo v. City of Hartford, 184 F. Supp. 2d 169, 180 (D. Conn. 2002) (citing Aronson v. Hall, 707 F.2d 693, 694 (2d Cir. 1983)).

IV. Conclusion

Accordingly, the motion for summary judgment [doc. #52] is

hereby granted as to the due process claim, which is dismissed with prejudice.  The Court declines to exercise supplemental jurisdiction over the state law claims, which are dismissed without prejudice.  The Clerk may close the file.

So ordered.

Dated at Hartford, Connecticut this 29th day of September 2007.

```
            /s/
       _____
       Robert N. Chatigny
       United States District Judge
```